UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST <br> 712 H Street, N.E. <br> Suite 1682 <br> Washington, D.C. 20002, <br>         Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF COMMERCE <br> 1401 Constitution Avenue, N.W. <br> Washington, D.C. 20230, <br><br>         Defendant. | Civil Case No. 1:22-cv-02699 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the United States Department of Commerce under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant United States Department of Commerce ("Commerce" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On or before December 19, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the Department seeking:

    1. All records from January 20, 2021 through the date the search is performed referring to, communicating with, or involving Danhua Capital, PathAI, or Andrew Moffit. For purposes of this section, we are seeking records held by:

        - The Secretary;
        - The Deputy Secretary;
        - The Chief of Staff;
        - The Chief of Staff to the Deputy Secretary;
        - Any Deputy Chief of Staff to the Secretary or Deputy Secretary;
        - Any Senior Advisor, Advisor, Senior Counselor, or Counselor to the Secretary;
        - Any Senior Advisor, Advisor, Senior Counselor, or Counselor to the Deputy Secretary;
        - The Executive Secretariat;
        - The Office of Public Affairs;
        - The General Counsel;
        - The Deputy General Counsel;
        - The Ethics Law and Program Divisions of the Office of the General Counsel;

- The Acting Under Secretary for International Trade;
- The Deputy Under Secretary for International Trade;
- The Deputy Assistant Secretary of Commerce for China and Mongolia (Global Markets)
- The Acting Under Secretary for Industry and Security; and
- Any other non-career SES or Schedule C official assigned to work in the Bureau of Industry and Security.

2. All records from January 20, 2021 through the date the search begins that contain any of the following search terms:

    - "Danhua Capital";
    - "PathAI";
    - "Zhongguancun Development Group"; and
    - "Moffit".

    For purposes of this section, we are seeking records held by:

    - The Secretary;
    - The Deputy Secretary;
    - The Chief of Staff;
    - The Chief of Staff to the Deputy Secretary;
    - Any Deputy Chief of Staff to the Secretary or Deputy Secretary;
    - Any Senior Advisor, Advisor, Senior Counselor, or Counselor to the Secretary;
    - Any Senior Advisor, Advisor, Senior Counselor, or Counselor to the Deputy Secretary;
    - The Executive Secretariat;
    - The Office of Public Affairs;
    - The General Counsel;
    - The Deputy General Counsel;
    - The Ethics Law and Program Divisions of the Office of the General Counsel;
    - The Acting Under Secretary for International Trade;
    - The Deputy Under Secretary for International Trade;
    - The Deputy Assistant Secretary of Commerce for China and Mongolia (Global Markets)
    - The Acting Under Secretary for Industry and Security; and
    - Any other non-career SES or Schedule C official assigned to work in the Bureau of Industry and Security.

3. In addition, we seek all records from January 20, 2021 through the date the search begins that contain any of the following search terms:

    - "Artificial Intelligence";

3

- "AI";
- "Huawei"; and
- "Uyghur".

For purposes of this section, we are seeking records held by:

- The Secretary;
- The Chief of Staff;
- Any Deputy Chief of Staff to the Secretary;
- Any Senior Advisor, Advisor, Senior Counselor, or Counselor to the Secretary;
- The Executive Secretariat;
- The Office of Public Affairs; and
- The Ethics Law and Program Divisions of the Office of the General Counsel.

7. Plaintiff also requested expedited processing and a fee waiver.

8. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

9. The release of these documents is in the public interest because they will help the public understand the nature of official actions taken or considered relating to specific companies and industries in which the Secretary of Commerce reportedly has a personal financial interest. To wit, press reports indicate that the Secretary has a financial stake through her husband in a technology firm connected to the government of the People's Republic of China. *See, e.g.*, Matthew Foldi, *Commerce Secretary's Husband is Top*

4

*Executive at Tech Firm Funded by Chinese Government*, Wash. Free Beacon (Dec. 14, 2021), https://freebeacon.com/biden-administration/commerce-secretarys-husband-is-top-executive-at-tech-firm-funded-by-chinese-government/. The records requested by Plaintiff will improve the public's understanding of whether the Department has taken any official actions that might financially impact the companies at issue and, by extension, the Secretary, as well as shed light on what role (if any) the Secretary or her immediate office have had in discussions and decisions that could financially impact the companies at issue.

10. On December 19, 2021, the Department confirmed receipt of Plaintiff's request and assigned it tracking number DOC-OS-2022-000417.

11. On December 20, 2021, the Department changed the tracking number to DOC-IOS-2022-000417.

12. On December 23, 2021, the Department "fully granted" Plaintiff's request for a fee waiver.

13. On February 1, 2022, a FOIA Attorney with the Department of Commerce International Trade Administration ("ITA") requested that Plaintiff provide names, rather than titles, of individuals Plaintiff would like ITA to search.

14. That same day, Plaintiff replied in part:

    If this applies to just ITA, below is a list of individuals we are interested in

    - Marisa Lago
    - Diane Farrell
    - Scott Tatlock
    - Alan Turley

15. On February 18, 2022, the Department sent a letter (attached as Exhibit B) "propos[ing] certain modifications to the three items in [Plaintiff's] request to facilitate searches that

will yield responsive documents of interest to [Plaintiff's] organization, expediting the review and production process while minimizing the volume of irrelevant materials."

16. While this letter suggested that the proposed search modifications would expedite the search for responsive records, it did not suggest that Plaintiff's request was unclear or did not adequately describe the records sought.

17. On March 1, 2022, Plaintiff responded by agreeing to two modifications (email chain attached as Exhibit C):

    - Drop the last name "Moffit" as a search term, but not combine "Andrew Moffit" with other search terms;
    - Limit item 3 search to the Secretary, Chief of Staff, and Office of Public Affairs.

18. Nevertheless, on April 22, 2022, the Department sent an email resending its February 18, 2022 letter and indicating "A review of your FOIA request file, DOC-IOS-2022-000417, indicates that we have not received a response from you."

19. As Exhibit C shows, Plaintiff's response was sent to the same email address that the Department's April 22, 2022, email was sent from, and that was used in subsequent communications with the Department.

20. On May 4, 2022, Plaintiff sent an email inquiring into the status of DOC-IOS-2022-000417.

21. On May 11, 2022, the Department responded, claiming "[u]nfortunately, we did not received your March 1, 2022 email" (*but see supra* ¶ 19), indicated that the Department had reviewed Plaintiff's response to the Department's modification proposal, and asked to "clarify the meaning of your first bullet," stating "We believe you are proposing to drop 'Moffit' as a term for Item 2, but to include communications with or about Andrew Moffit in Item 1, even if they do not relate to Danhua Capital or PathAI. Could you

6

please confirm if that is correct?" The Department also stated "We are continuing with our search based on this understanding in the interim. We will be providing these documents on a rolling basis, and may come back with additional questions or clarifications depending on the volume of potentially responsive records for your request."

22. On May 17, 2022, Plaintiff confirmed that the Department's understanding of Plaintiff's modification was correct.

23. On July 1, 2022, Plaintiff again inquired into the status of DOC-IOS-2022-000417.

24. The Department has not responded to that request.

25. Notwithstanding the Department's representation in May that it was continuing with its search and would be providing documents on a rolling basis, the Department has not provided any responsive documents to Plaintiff.

26. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

27. As of today, Plaintiff's request has been pending for more than 260 days – well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

28. At this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The Department has not produced responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

29. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

30. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

31. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

32. PPT properly requested records within the possession, custody, and control of the Department.

33. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

34. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

35. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

36. The Department's failure to provide all non-exempt responsive records violates FOIA.

37. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide

indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: September 7, 2022	Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, Virginia 22314
Telephone: 703-965-0330
Facsimile: 415-520-6593
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*